UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-

WILLIAM CRENSHAW, 98B0745,

    Plaintiff,

-v-

09-CV-6059L
**ORDER**

LESTER N. WRIGHT, BRIAN FISCHER,
DR. ALI SYED, DAVID MILLER,
ROBERT KIRKPATRICK, FLOYD BENNETT,
JAMES CONWAY, THOMAS POOLE,
DALE ARTUS and HAROLD GRAHAM,

    Defendants.

## INTRODUCTION

Plaintiff, William Crenshaw, an inmate of the Auburn Correctional Facility, filed a pro se action seeking relief under 42 U.S.C. § 1983 (Docket No. 1). Plaintiff's original complaint alleged that defendants Lester N. Wright, Brian Fischer, Dr. Ali Syed, David Miller, Robert Kirkpatrick, Floyd Bennett, James Conway, Thomas Poole, Dale Artus, and Harold Graham, violated his rights when he was not given adequate medical care for injuries suffered during an assault at the Elmira Correctional Facility on June 8, 1998. Upon the Court's granting of plaintiff's application to proceed *in forma pauperis,* and its initial review of the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A, it issued an order which directed plaintiff to file an amended complaint. The order noted that plaintiff's complaint appeared to be barred by the three year statute of limitations for an action under § 1983, and failed to allege facts

which would support tolling the statute of limitations as to his claims. Secondly, the complaint failed to allege facts, with regard to his claims against the defendants, most of whom were superintendents of the numerous correctional facilities at which plaintiff was detained since 1998, which would show that the defendants were *personally involved* in the alleged constitutional deprivation. (Docket No. 3, Order).

Plaintiff thereafter filed an amended complaint (Docket No. 7) which the Court must now review pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

Plaintiff's amended complaint includes additional facts, none of which, however, allege any personal involvement on the part of any of the supervisory defendants named herein. The only defendant identified as someone whom treated plaintiff in 2004 was Dr. Ali Syed, but plaintiff provides no further detail of that treatment, or whether there was any continuing treatment by Dr. Ali Syed following the initial treatment. Additionally, this claim remains outside the three year statute of limitations period.

The amended complaint also included additional facts regarding treatment plaintiff had received over the years, including some within the three year period prior to filing the complaint. However, he did not allege that any of the treatment was performed by any of the named defendants, nor did he specify any individuals who did treat him during that time.

Plaintiff has once again failed to show personal involvement on the part of the defendants named in the amended complaint, other than Dr. Ali Syed, and address

2

the statute of limitations issue. Therefore, for the reasons discussed below, the amended complaint is dismissed with prejudice against all defendants, except as against Dr. Ali Syed, which it is dismissed without prejudice, with leave to amend.

Plaintiff will also be granted **one last opportunity** to amend his complaint against any now unnamed defendants whom he claims denied him adequate medical treatment within the three year statute of limitations period.

## DISCUSSION

Plaintiff's claims that he was denied adequate medical care by the named defendants, must be dismissed, for failure to again state a claim. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of the amended complaint, and dismiss it if it (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b) and 1915A; *see also Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007).

Here, the plaintiff's claim against Dr. Ali Syed allegedly occurred in 2004, which is outside the three year statute of limitations period. As for the other defendants, plaintiff has not alleged any personal involvement, which is required for a finding of a constitutional violation under § 1983. All that he alleges against these supervisory defendants is that they violated N.Y. Comp. Codes R. & Regs. tit. 9, § 7013.7 (Initial Screening and Risk Assessment), which is insufficient to state a claim under § 1983. An inmate's allegation that a state statute has been violated does not necessarily

3

state a constitutional claim. *See Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995); *Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir.), *cert. denied*, 484 U.S. 896 (1987). *See Concourse Rehabilitation & Nursing Center, Inc. v. DeBuono*, 179 F.3d 38, 43 (2d Cir. 1999) ("As we repeatedly have explained, the failure of a State authority to comply with State regulations cannot alone give rise to a § 1983 cause of action").

## A. **Personal Involvement**

A plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Instead, a showing of some personal responsibility on the part of an employer is required. In the case of an individual defendant, plaintiff must show that the defendant was personally involved in a constitutional deprivation, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

As noted, plaintiff does not allege any specific facts indicating that the named supervisory defendants had any personal involvement in the denial of adequate medical treatment for his head injury. Because these claims fail to demonstrate the

4

defendants' personal involvement in the alleged constitutional deprivation, as noted, all the claims against all the named defendants, except Dr. Syed, are dismissed with prejudice.

## B. Deliberate Indifference Claim

A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). *See also Ross v. Kelly*, 784 F.Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). The Second Circuit pointed out that

> [medical] conditions ... vary in severity and ... a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* (quoting *Chance*, 143 F.3d at 702).

An isolated failure to provide medical treatment, without more, is generally not actionable unless "the surrounding circumstances suggest a degree of

5

deliberateness, rather than inadvertence, in the failure to render meaningful treatment." *Gil v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987).

A prisoner's allegation that he experienced serious physical pain over an extended period of time can rise to the level of a sufficiently serious medical condition under the Eighth Amendment. *See Chance v. Armstrong*, 143 F.3d 698, 702-703 (2d Cir. 1998) (allegations of severe tooth pain for at least six months stated a claim for a sufficiently serious medical condition under the Eighth Amendment.); *Hathaway v. Coughlin*, 37 F.3d 63, 67 (2d Cir. 1994) (severe hip pain over an extended period was sufficiently serious condition.); *Bryant v. Artuz*, 1998 WL 24360, at *2 (S.D.N.Y. Jan. 23, 1998) (prisoner's allegation of severe back pain following disc surgery was held to be sufficiently serious medical condition to survive a motion for summary judgment).

While plaintiff's amended complaint alleges that he was denied treatment for his head injury, it does not name as defendants anyone who was personally involved in the medical treatment or lack thereof. His second amended complaint, which he will be allowed to file, must therefore name those defendants whom he alleged failed to provide him with adequate treatment and were deliberately indifferent to his head injury.

### C. Statute of limitations

The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New York State is the three-year period provided for in New York's CPLR §

6

214(2). *Owens v. Okure*, 488 U.S. 235, 251, 109 S. Ct. 573, 582, 102 L. Ed.2d 594 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). In addition, federal courts are required to borrow New York's rules for tolling the statute of limitations unless the rules are inconsistent with federal law. *Board of Regents of University of State of New York v. Tomanio*, 446 U.S. 478, 487-491, 100 S. Ct. 1790, 1796-1799, 64 L. Ed.2d 440 (1980). Plaintiff's complaint and amended complaint, filed on February 11 and May 4, 2009, respectively, allege dates of incidents that go back almost ten years. Based on this, it is apparent that the three-year time period during which plaintiff could properly bring his claims expired well before plaintiff filed this action. The Court also finds no basis to toll the limitations period, *see* Article 2 of New York's CPLR. However, if a continuing violation can be shown, a plaintiff is entitled to bring suit challenging conduct that was a part of that violation, even conduct that occurred outside the statute of limitations period. *Cornwell v. Robinson*, 23 F.3d 694, 704 (2nd Cir. 1994). *See also Pratts v. Coombe*, 59 Fed. Appx. 392, 394 (2nd Cir. 2003) (Summary Order) (where defendant's claim of deliberate indifference to his need for serious medical care for a back problem was granted leave to amend in order to show a continuing violation). Thus, if plaintiff can allege as to each defendant newly named in the second amended complaint, facts showing deliberate indifference beyond the three year period, he will also need to allege facts that would establish a continuing violation.

7

## D. Amended Complaint

The Court is fully cognizant of the fact that its latest Order (Docket No. 3) advised plaintiff that he would be given "one final attempt" to file an amended complaint which alleges facts that would both toll the three year statute of limitations and alleges facts that would show the defendants had personal involvement in the alleged constitutional deprivations, and that if he failed to comply with the Court's directives the action would be dismissed with prejudice. While the amended complaint (Docket No. 7) did not fully comply with the Court's directives, plaintiff nonetheless made a good faith attempt to file an amended complaint which attempted to address the issue of personal involvement and statute of limitations.

Accordingly, **plaintiff is directed that he must file a second amended complaint by August 30, 2009, which states a claim upon which relief can be granted.** *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). **If plaintiff does not file a second amended complaint by August 30, 2009 and as directed, this action will be dismissed with prejudice without further order of the Court.**

8

The second amended complaint should **(1)** utilize the Court's form for filing prisoner civil rights actions under 42 U.S. C. § 1983, which **(i)** shall state the alleged act or acts of denial of adequate medical treatment, **(ii)** the date on which such denial of adequate medical treatment occurred, and **(iii)** the name of each individual who participated in such denial of adequate medical treatment, **(2)** contain facts which, if proven, would establish that the defendants were personally involved in the alleged constitutional violations, and **(3)** contain facts which indicate how plaintiff was harmed by the alleged misconduct.

## CONCLUSION

For the reasons set forth above, plaintiff's claims against Lester N. Wright, Brian Fischer, David Miller, Robert Kirkpatrick, Floyd Bennett, James Conway, Thomas Poole, Dale Artus and Harold Graham are dismissed with prejudice. In addition, plaintiff's amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files a second amended complaint which, as directed, includes the necessary allegations against those now unnamed defendants whom he alleges failed to adequately treat his head injury within the statute of limitations, whom he will have to identify in the second amended complaint, and Dr. Ali Syed, as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint]

9

of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Plaintiff is forewarned that if he fails to file a second amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A. Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT IS HEARBY ORDERED that, plaintiff's claims against defendants Lester N. Wright, Brian Fischer, David Miller, Robert Kirkpatrick, Floyd Bennett, James Conway, Thomas Poole, Dale Artus and Harold Graham, are dismissed with prejudice and the Clerk of the Court is directed to terminate these defendants as parties to this action;

FURTHER, that plaintiff is granted leave to file a second amended complaint regarding only his claims of deliberate indifference against those unnamed defendants whom he will have to identify in the second amended complaint, and Dr. Ali Syed, as directed above by **August 30, 2009**;

10

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a copy of the amended complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file a second amended complaint as directed above by **August 30, 2009**, this action shall be dismissed with prejudice without further order of the Court;

FURTHER, that if plaintiff has not filed a second amended complaint by **August 30, 2009**, the Clerk of the Court is directed to close this case as dismissed with prejudice; and

FURTHER, that in the event this action is dismissed because plaintiff has failed to file a second amended complaint, as directed, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: July 27, 2009

11